UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| IAN DORAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 1:24-CV-00211-MSM-AEM |
| | ) |
| FIDELITY BROKERAGE SERVICES LLC, | ) |
| | ) |
| Defendant. | ) |

ORDER

Mary S. McElroy, United States District Judge.

Before the Court is the plaintiff, Ian Doran's, objection to the Report and Recommendation ("R&R") issued by Magistrate Judge Amy E. Moses recommending that the Court grant the defendant, Fidelity Brokerage Services LLC's ("Fidelity"), Motion to Enforce Settlement. (ECF No. 17.)

When a party timely objects to a magistrate judge's report and recommendation, the Court reviews the challenged rulings de novo.  28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72.  For the reasons below, having reviewed the record and the relevant law, the Court ACCEPTS the R&R and ADOPTS in full its reasoning.

The Court has conducted a de novo review of the portions of the R&R to which the plaintiff objects.  Having carefully considered the record, the Court agrees with the Magistrate Judge that the parties entered into a binding and enforceable settlement agreement memorialized in a signed term sheet containing clear and

1

unambiguous terms, and that no genuinely disputed issue of material fact precludes summary enforcement. *See Fid. & Guar. Ins. Co. v. Star Equip. Corp.*, 541 F.3d 1, 5 (1st Cir. 2008). The plaintiff's assertion that there was no mutual assent is unavailing where the material terms of the agreement (including the agreed-upon Form U5 language) were expressly set forth in the term sheet and assented to in writing while the plaintiff was represented by counsel.

The Court further agrees that the plaintiff has failed to establish duress under Rhode Island law, which requires a showing that "one by the unlawful act of another is induced to perform some act under circumstances which deprive him of the exercise of free will." *Miller v. Metro. Prop. & Cas. Ins. Co.*, 111 A.3d 332, 342 (R.I. 2015). Even accepting the plaintiff's allegations regarding pressure during the mediation as true, such circumstances, without evidence of unlawful conduct or the absence of a reasonable alternative, are insufficient as a matter of law to invalidate the agreement. *Id.* at 343.

Because the plaintiff has not raised a legally sufficient basis to disturb the agreement or to require an evidentiary hearing, the Court ACCEPTS and ADOPTS the R&R in full. (ECF No. 17.) Fidelity's Motion to Enforce Settlement (ECF No. 13) is therefore GRANTED.

The parties are ORDERED to comply with the terms of the settlement agreement. This action is hereby DISMISSED WITH PREJUDICE, and the Clerk of Court shall enter judgment accordingly.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

April 20, 2026